# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SUMMIT NATURAL GAS ) | |
| OF MISSOURI, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 6:16-cv-3326 |
| ) | |
| 3G PROCESSING, LLC ) | SERVE REG. AGENT: LEXIE |
| ) | GRISHAM, 7335 NEWKIRK RD. |
| Defendant. ) | MOUNTAIN GROVE, MO |

## COMPLAINT

COMES NOW Plaintiff Summit Natural Gas of Missouri, Inc., by and through its attorneys, and for its Complaint against Defendant 3G Processing, LLC, hereby states as follows:

## THE PARTIES

1. Plaintiff Summit Natural Gas of Missouri, Inc. ("Plaintiff" or "Company") is incorporated under the laws of the State of Colorado and has its principal place of business in Colorado. Plaintiff is in the business of providing natural gas products and services to customers.

2. 3G Processing, LLC ("Defendant" or "Shipper"), is a Missouri limited liability company established in 2010, with its principal place of business in Missouri. Upon information and belief, its members' citizenships are all in Missouri, including Lexie Grisham, Annabelle Grisham, and Rick Grisham, all citizens of Missouri, residing in Wright and/or Texas Counties in Missouri in the Southern Division of this Court.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter under 28 U.S.C. 1332, in that there is complete diversity and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over the Defendant, pursuant to R.S.Mo. §506.500, in that Defendant is a Missouri citizen, and the causes of action asserted herein arise out of Defendant's transaction of business in the State of Missouri and entrance into a contract in the State of Missouri.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2) in that defendant is a resident of the State in which the district is located and a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant is a resident of the Southern Division of this Court, in Wright and/or Texas Counties, Missouri. *See* LR 3.1(a)(3)(a).

## STATEMENT OF FACTS

7. Plaintiff is a public utility in the business of selling and transporting natural gas via its pipelines to customers such as Defendant.

8. Defendant is in the business of recycling animal feed byproducts and contracted with Plaintiff for the transportation of natural gas products and services regarding same.

9. In or around 2011, Defendant began purchasing natural gas transportation services pursuant to the tariffs on file with and approved by the Missouri Public Service Commission.

10. Thereafter, for a period of years, Plaintiff provided natural gas transportation services to Defendant, and Defendant timely paid for same pursuant to the tariffs.

11. On or about February 1, 2015, Plaintiff and Defendant entered into a Standard Form of Gas Transportation Service Agreement (the "Agreement"), which established a fixed rate for one year, until February 1, 2016, a true and accurate copy of which is attached as Ex. 1.

12. At the time of that Agreement, there was an outstanding balance on Defendant's account with Plaintiff of approximately $120,000.

13. Rick Grisham, a member of Defendant and duly authorized agent, signed the Agreement on behalf of Defendant, known as "Shipper" under the Agreement.

14. Under the Agreement, "Transportation service provided by the Company [Plaintiff] under this Service Agreement shall be paid for by the Shipper [Defendant] at the charges under the standard rate set forth in the Company's gas transportation service (TS) tariff unless otherwise specified in Exhibit A." Ex. 1.

15. Under Exhibit A to the Agreement, service was to commence on February 1, 2015, with Defendant agreeing to pay Plaintiff $3.9378 per MCF (Million Cubic Feet) of natural gas transported by Plaintiff. See Ex. 1.

16. Rick Grisham, a member of Defendant and duly authorized agent, signed Exhibit A on behalf of Defendant. Ex. 1.

17. Under the TS Tariff, incorporated by reference in the Agreement: "The Company will render bills monthly for transportation service furnished the previous monthly period, which may include billings from third party Shippers delivering gas to the Company on the Shipper's behalf. Such billing shall become due and payable 15 days after receipt of the invoice. Should Shipper fail to pay part or all of the amount of any such billing and, if such failure shall continue for fifteen (15) days after payment is due, then the Company, in addition to any other remedy it may have, may suspend further receipt and/or delivery of gas until such amount is paid." *See* TS Tariff, Ex. 2.

18. Thereafter, Plaintiff provided, and Defendant accepted, Plaintiff's natural gas transportation services under the Agreement.

19. Defendant made two payments in March 2015 and April 2015, respectively, but no payments have been made since.

20. Despite demand from Plaintiff, Defendant has failed to pay for such transportation services Plaintiff provided under the Agreement.

21. The current amount outstanding, due and owing under the Agreement and its predecessor Agreements is $428,798.52.

22. Plaintiff has made repeated demands for payment, but Defendant still refuses to pay the amounts due.

## COUNT I
## BREACH OF CONTRACT

23. Plaintiff hereby incorporates by reference the allegations contained above as if set forth fully herein.

24. Plaintiff and Defendant entered into the Agreement referenced above via the signature of Defendant's duly authorized agent/member.

25. There was a bargained-for-exchange in that Plaintiff agreed to furnish natural gas transportation services to Defendant, and Defendant agreed to pay for such transportation services at the specified rate.

26. Accordingly, there is a binding and enforceable contract between Plaintiff and Defendant.

27. Defendant breached the Agreement by failing to pay the amounts due and owing to Plaintiff within the time specified in the Agreement and despite demand.

28. As of June 1, 2016, Defendant's breach of the Agreement has caused Plaintiff to be damaged in the amount of at least $428,798.52, for natural gas transportation services, which has and continues to accrue, exclusive of interest, fees, and attorneys' fees and costs.

29. Plaintiff performed its obligations under the Agreement.

30. Defendant has refused to pay the amount due under the Agreement despite repeated demands.

31. Defendant's failure to pay is a material breach of the parties' Agreement.

WHEREFORE, Plaintiff Summit Natural Gas of Missouri, Inc. prays this Court enter a judgment in its favor and against Defendant 3G Processing, LLC in an amount not yet determined, but in excess of $428,798.52, together with pre-judgment and post-judgment interest, plus its attorneys' fees, costs herein incurred, and for such further and other relief as this Court deems just and proper.

## COUNT II
## SUIT ON ACCOUNT

32. Plaintiff hereby incorporates by reference the allegations contained above as if set forth fully herein.

33. Defendant requested that Plaintiff provide it with natural gas transportation products and services for Defendant's business needs.

34. Plaintiff accepted Defendant's request and furnished Defendant with the natural gas transportation products and services.

35. As a result of the services provided, Plaintiff issued Defendant invoices detailing the amounts due.

36. The invoices remain unpaid.

37. The charges were correct and reasonable.

38. Plaintiff repeatedly requested payment from Defendant, but Defendant has failed and refused to make payment.

39. As of June 1, 2016, Defendant was indebted to Plaintiff in the amount of $428,798.52, plus interest, which has and continues to accrue.

WHEREFORE, Plaintiff Summit Natural Gas of Missouri, Inc. prays this Court enter a judgment in its favor and against Defendant 3G Processing, LLC in an amount not yet determined, but in excess of $428,798.52, together with pre-judgment and post-judgment interest, plus its attorneys' fees, costs herein incurred, and for such further and other relief as this Court deems just and proper.

## COUNT III
## QUANTUM MERUIT

40. Plaintiff hereby incorporates by reference the allegations contained above as if set forth fully herein.

41. On or about February 1, 2015, Defendant requested that Plaintiff provide natural gas transportation products and services for Defendant's business needs.

42. In compliance with that request, Plaintiff did provide natural gas transportation products and services for Defendant's business needs.

43. Defendant accepted and received the benefit of these natural gas transportation products and services.

44. Despite repeated demands, Defendant has not paid Plaintiff the reasonable cost for the natural gas transportation products and services rendered.

45. It would be inequitable for Defendant to retain the benefit of Plaintiff's products and services without providing Plaintiff reasonable compensation.

WHEREFORE, Plaintiff Summit Natural Gas of Missouri, Inc., prays this Court enter a judgment in its favor and against Defendant 3G Processing, LLC for an amount in excess of

$428,798.52, together with pre-judgement and post-judgement interest, plus attorney's fees, costs herein incurred, and for such further and other relief as this Court deems just and proper.

                              CARPENTER MOSER LLC

                              /s/ Daniel J. Carpenter
                              Daniel J. Carpenter, #41571
                              Amy Lorenz-Moser, #49791
                              1716 Hidden Creek Court, Suite 101
                              St. Louis, MO 63131
                              Telephone: (314) 312-4980
                              Facsimile: (314) 312-4975
                              dan@carpentermoser.com
                              amy@carpentermoser.com